(No. 3440—

WALTER HUSSMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1945.*

SHARL B. BASS AND GREENBERG & SACHS, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

Fisher, J.

This claim was filed January 15, 1940, and the record completed February 16, 1945. The record consists of the Complaint, Stipulation of Facts, Order to show cause why claim should not be dismissed for want of prosecution, Stipulation for Continuance, Depositions, Departmental Report of Medical Examination during illness of Claimant, Report of Medical Examination of Claimant filed February 13, 1945, Stipulation that case be assigned on the record as filed, and Waiver of Statement, Brief and Argument by Claimant and Respondent. Claim is for compensation under the Workmen's Compensation Act, for disability sustained by claimant as a result of contracting typhoid fever on or about August 18, 1939, while in the course of and as a result of his employment as an attendant at the Manteno State Hospital.

The record in this case discloses that claimant, while engaged as an attendant at the Manteno State Hospital, became ill with typhoid fever on August 16, 1939, and returned to work on February 8, 1940, in the same capacity and at the same salary. Claimant's salary, prior to his illness, was at the rate of $56.70 per month, plus maintenance, and he had one child under the age of 16 years. His rate of compensation under the Workmen's Compensation Act, was, therefore, $10.89 per week. He was totally incapacitated for a period of twenty-five (25) weeks, for which he would be entitled to compensation of $272.25. He was paid during this period of illness the sum of $335.25, which, under the provisions of the Workmen's Compensation Act, was an overpayment of $63.10.

Claimant testified that he is suffering some permanent disability as a result of this illness, in that he has difficulty in walking and he suffers impairment in his feet and legs. Dr. Alfred J. Mitchell of 3920 Lake Shore

Drive, Chicago, Illinois, testifying in behalf of claimant, stated that in his opinion claimant has sustained about 10% loss of the use of each leg. In cross examination, Dr. Mitchell testified that he had formed his opinion from the history of the illness which he received from the claimant himself; that if he had not received such history from the claimant he could not have decided that the impairment was the result of typhoid fever; and further, that claimant's present condition might or could be the result of other diseases.

Filed herein is a report of a medical examination of claimant made by Dr. W. A. Baker, M.D., in which, after a most thorough examination of claimant, Dr. Baker concludes—

"I believe that the pain in the legs and lower lumbar region, which he states is excruciating on walking or moving, is entirely due to the old osteo-arthritis which was demonstrated by x-ray in the lumbar region, and complicated by a fourth degree flat feet. The failing vision was nothing more or less than a mild myopia which developed due to his age. I can see no connection between his alleged symptoms and the attack of typhoid fever which he states he had in 1939."

It is incumbent upon claimant to sustain his allegation of permanent disability by a preponderance of the evidence. This, he has not done. In fact, the greater weight of the evidence indicates that claimant has sustained no permanent disability. He is now engaged in other employment, for which he receives more compensation than he received as an attendant at the Manteno State Hospital. He has sustained no permanent disability, and he has been overpaid for his temporary disability. The claim for an award must, therefore, be denied.

The claim for an award is denied.